UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRSON BENITO VALENTIN III,<br><br>                              *Plaintiff*,<br><br>          -against-<br><br>ROCKLAND COUNTY JAIL; PAUL T. JOACHIM; LOUIS FALCO IV; JOHN BYRON; SERGEANT ARCUNI; SERGEANT A. LOPEZ; SERGEANT BRISSING; CORRECTION OFFICER FAIRCLOUGH,<br><br>                              *Defendants*. | 26-CV-1297 (KMK)<br><br><u>ORDER OF SERVICE</u> |

KENNETH M. KARAS, United States District Judge:

Plaintiff, previously a pre-trial detainee at the Rockland County Jail, brings this pro se

Action under 42 U.S.C. § 1983 ("Section 1983"), alleging he was subjected to 30 days'

confinement in his cell without a pre-deprivation hearing in violation of his constitutional right

due process. (*See generally* Compl. (Dkt. No. 1).) Plaintiff brings this Action against: (1) the

Rockland County Jail, (2) Chief Administrative Officer/Chief of Corrections Paul T. Joachim

("Joachim"), (3) Lieutenant Louis Falco IV ("Falco"), (4) Lieutenant John Byron ("Byron"), (5)

Sergeant Arcuni ("Arcuni"), (6) Sergeant A. Lopez ("Lopez"), (7) Sergeant Brissing

("Brissing"), and (8) Officer Fairclough ("Fairclough") (collectively, "Defendants"). (*Id.*)

On March 20, 2026, the Court granted Plaintiff's request to proceed in forma pauperis

("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

dismisses Plaintiff's claims against the Rockland County Jail and Byron, and (2) directs service

on Arcuni, Lopez, Falco, Joachim, Fairclough, and Brissing.

---

[1] Incarcerated individuals are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. 28 U.S.C. § 1915(b)(1).

## I.  Standard of Review

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted).

## II.  Discussion

### A.  Claims against the Rockland County Jail

Plaintiff's "claims against the Rockland County Jail must be dismissed because 'a jail is not an entity that is amenable to suit.'" *LaTouche v. Rockland County*, No. 22-CV-1437, 2022 WL 1292291, at *1 (S.D.N.Y. Apr. 29, 2022) (quoting *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)); *see also Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (stating that a correctional facility or jail not a "person" within the meaning of Section 1983 and therefore cannot be subject to suit). However, in light of Plaintiff's pro se status, the Court will substitute Rockland County in place of Rockland County Jail because Rockland County Jail is operated by, and therefore an agent of, Rockland County, and a proper defendant in Section 1983 actions. *See Blackwood v. Westchester County Jail*, No. 23-CV-2656, 2023 WL 4534145, at *3 (S.D.N.Y. July 12, 2023) (substituting Westchester County for the Westchester County Jail and collecting cases); *Peters v. Dep't. of Corrs. of N.Y. City*, No. 11-CV-4628, 2015 WL 506754, at *3 (S.D.N.Y. Feb. 5, 2015)

2

(substituting the City of New York for the Department of Corrections as a defendant).

Accordingly, the Court will construe Plaintiff's claims against the Rockland County Jail as being

brought against Rockland County. *See Sulehria v. City of New York*, No. 13-CV-6557, 2014 WL

4101542, at *1 n.1 (E.D.N.Y. Aug. 18, 2014) ("[a]ffording plaintiff the solicitude he is due as a

pro se litigant" by replacing a named party with the defendants' actual employer (citations and

emphasis omitted)); *accord Gonzalvo v. State of New York*, No. 11-CV-909, 2013 4008881, at *2

(N.D.N.Y. 2013) (stating that the district court's ability to sua sponte substitute defendants in a

pro se complaint is "well supported" and collecting cases).

B.  Claims against Lieutenant Byron

The Court also dismisses Plaintiff's claims against Byron for failure to state a claim on

which relief may be granted. *Id.*  To state a claim under Section 1983, a plaintiff must allege

both that: (1) a right secured by the Constitution or laws of the United States was violated and (2)

the right was violated by a person acting under the color of state law, or a "state actor." *West v.*

*Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff alleges that Byron failed to respond to his grievances within the five-day period

required by Section 7032.4 of New York Code of Rules and Regulations.  However, "[r]ecovery

under [Section] 1983 . . . is premised upon a showing, first, that the defendant has denied the

plaintiff a *constitutional* or *federal statutory right*."  *Patterson v. Coughlin*, 761 F.2d 886, 890

(2d Cir. 1985) (emphases added).  Plaintiff's allegation that Byron violated state regulations does

not state a claim under Section 1983 because "violations of state law procedural requirements do

not alone constitute" a violation of a constitutional or federal statutory right.  *Rivera v. Wohlrab*,

232 F. Supp. 2d 117, 123 (S.D.N.Y. 2002); *see also Concourse Rehab. & Nursing Ctr., Inc. v.*

*DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("[T]he failure of a [s]tate authority to comply with

[s]tate regulations cannot alone give rise to a [Section] 1983 cause of action.").  Thus, Plaintiff

fails to state a Section 1983 claim against Byron because he is not alleged to have violated any of Plaintiff's federal or constitutional rights in conjunction with his failure to process Plaintiff's grievances within the time frame set forth by state procedural requirements.

Additionally, to state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." (quotation marks omitted)).  "To hold a state official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff alleges that Byron denied Plaintiff's grievances, but he does not allege any facts suggesting that Byron was personally involved in the allegedly unconstitutional events underlying his grievance.  Without more, "affirming or denying a grievance is insufficient to show personal involvement for purposes of liability under [Section] 1983."  *Nunez v. Donahue*, No. 12-CV-1071, 2015 WL 13744630, at *16 (N.D.N.Y. Nov. 23, 2015); *see also Murrell v. Wolcott*, No. 22-CV-6019, 2023 WL 1205235, at *5 (W.D.N.Y. Feb. 13, 2023) ("[E]ven before *Tangreti*, denying a prisoner's grievance, without more, was insufficient . . . to establish the requisite personal involvement for purposes of [Section] 1983." (quotations marks and citation omitted)); *Keitt v. Schun*, No. 11-CV-438, 2014 WL 347053, at *8, (W.D.N.Y. Jan. 30, 2014) (holding that merely affirming the denial of a plaintiff's grievance is insufficient to establish personal involvement under [Section] 1983); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) ("The fact that Superintendent Griener affirmed the denial of [the] plaintiff's

grievance—which is all that is alleged against him—is insufficient to establish personal involvement . . . .”).

Accordingly, the Court dismisses Plaintiff's Section 1983 claims against Byron for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  However, in light of Plaintiff's pro se status, the Court grants Plaintiff 30 days from the date of this Order to to replead his claims against Byron in an amended complaint that alleges facts showing that Byron was personally involved in the events giving rise to Plaintiff's constitutional injury. Because any amended complaint Plaintiff files will completely replace, not supplement, his original Complaint, any facts or claims that Plaintiff wants to include from his original Complaint must be repeated in the amended complaint.

## C.  Service on the Remaining Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service (the "Marshals Service") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (requiring courts to order the Marshals Service to serve the defendants if the plaintiff is authorized to proceed IFP).

### III.  Conclusion

In sum, the Court dismisses Plaintiff's claims against Byron for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and grants Plaintiff 30 days' leave to

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

replead his claims against Byron in an amended complaint that will replace, not supplement, his original Complaint. The Court also substitutes Rockland County for the Rockland County Jail and dismisses the Rockland County Jail from this Action.

The Clerk of Court is respectfully directed to issue summonses for Arcuni, Lopez, Falco, Joachim, Fairclough, Brissing and Westchester County, complete the USM-285 form with the address for each, and deliver all documents necessary to effect service on them to the Marshals. If Plaintiff's Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is a plaintiff's responsibility to request an extension of time for service). The Clerk of Court is further directed to mail an information package to Plaintiff along with this Order.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so. *See, e.g., Fields v. Beem*, No. 13-CV-5, 2013 WL 3872734, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify the [c]ourt when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint." (collecting cases)).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

White Plains, New York
Dated:    May 11, 2026

_____
KENNETH M. KARAS
United States District Judge

6

**SERVICE ADDRESSES**

1.  Paul T. Joachim
    Chief of Corrections
    Rockland County Sheriff's Office
    53 New Hempstead Rd.
    New City, NY 10956

2.  Lieutenant Louis Falco IV
    Rockland County Sheriff's Office
    53 New Hempstead Rd.
    New City, NY 10956

3.  Sergeant Arcuni
    Rockland County Sheriff's Office
    53 New Hempstead Rd.
    New City, NY 10956

4.  Sergeant A. Lopez
    Rockland County Sheriff's Office
    53 New Hempstead Rd.
    New City, NY 10956

5.  Sergeant Brissing
    Rockland County Sheriff's Office
    53 New Hempstead Rd.
    New City, NY 10956

6.  Correction Officer Fairclough
    Rockland County Sheriff's Office
    53 New Hempstead Rd.
    New City, NY 10956

7.  Rockland County Law Department
    Office of the County Attorney
    11 New Hempstead Rd.
    New City, NY 10956